# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE ADKINS, | CASE NO.   1:09-cv-2031 SKO |
| Plaintiff, | ORDER GRANTING EXTENSION OF TIME TO FILE PLAINTIFF'S OPENING BRIEF |
| v. | (Doc. 17) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On April 12, 2010, the Court granted Plaintiff an extension of time to May 11, 2010, to serve on Defendant a confidential letter brief. (Doc. 16.) Accordingly, pursuant to the Court's scheduling order and Fed. R. Civ. P. 6(d), Plaintiff's opening brief is due by July 22, 2010. (Doc. 8 ¶¶ 3-6.)

On July 1, 2010, the parties stipulated to a modification of the scheduling order to provide an extension of time to August 31, 2010, for Plaintiff to file her opening brief because of "Plaintiff's counsel's workload demands and scheduling conflict with previously scheduled vacation plans." (Doc. 17.) The parties also stipulated to an extension of time to September 30, 2010, for Defendant to file his responsive brief.

A court's scheduling order may be modified upon a showing of "good cause," an inquiry that focuses on the reasonable diligence of the moving party. Fed. R. Civ. P. 16(b); *Noyes v. Kelly Servs.*,

488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

> Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.

*Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Here, Plaintiff's inability to comply with the Court's deadlines apparently could not have been reasonably foreseen when the Court entered its scheduling order in November 2009. Further, Plaintiff requested an extension of time to file her opening brief well before its due date and was, therefore, diligent in seeking an extension of time. *Cf. Timbisha Shosone Tribe v. Kennedy*, 267 F.R.D. 333, 336 & n.2 (E.D. Cal. 2010) (defendants failed to demonstrate diligence in seeking to amend opposition to motion because deadline for filing opposition had expired). In sum, Plaintiff has shown that, even with the exercise of due diligence, she is unable to meet the timetable set forth in the Court's scheduling order. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court, therefore, finds that good cause exists for an extension of time for Plaintiff to file her opening brief.

Accordingly, upon the parties' stipulation and for good cause shown, Plaintiff shall file and serve her opening brief **by no later than August 31, 2010**. Defendant shall file and serve his responsive brief **by no later than September 30, 2010**. Any reply brief shall be filed and served fifteen (15) days after service of the responsive brief.

IT IS SO ORDERED.

**Dated:   July 16, 2010**                      /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE