# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE ADKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____ | 1:09-cv-02031-SKO<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR AN AWARD OF EQUAL ACCESS TO JUSTICE FEES**<br><br>(Doc. 26) |

## I.  INTRODUCTION

Plaintiff Antoinette Adkins ("Plaintiff") filed a complaint on November 18, 2009, seeking reversal of the Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits. (Doc. 1.) On March 18, 2011, the Court issued an order finding that the ALJ's decision was not supported by substantial evidence. (Doc. 23.) Specifically, the Court determined that the ALJ erred by failing to consider third-party lay testimony, and the matter was remanded to the ALJ for further findings consistent with the Court's decision. Judgment was entered in Plaintiff's favor on March 18, 2011. (Doc. 24.)

On June 16, 2011, Plaintiff filed an application for an award of fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,289.97. (Doc. 26.) On July 1,

2011, the Commissioner filed an opposition to Plaintiff's request asserting that the total number of hours expended by Plaintiff's counsel was not reasonable. (Doc. 28.) For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED in the amount of $7,240.15.

## II.   Discussion

### A.   Legal Standard

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and other expenses:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and "must include an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting the application is also required to allege that the position of the United States was not substantially justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

### B.   Plaintiff is Entitled to An Award of EAJA Fees and Other Expenses

As an initial matter, Plaintiff has met the statutory criterion to be eligible for an EAJA award of fees and other expenses. A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). A party who obtains a sentence four remand in a social security appeal is a prevailing party for purposes of the EAJA. *Schaefer*, 509 U.S. at 302.

Here, Plaintiff asserts that she was a prevailing party for purposes of the appeal in this case because she was granted a sentence-four remand. (Doc. 26-1, 2:15-19.) The Commissioner does not dispute this. Further, Plaintiff asserts that her net worth as an individual was not more than $2,000,000 at the time the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B), which

2

is also undisputed by the Commissioner. (Doc. 26-1, 2:20-22.) Additionally, Plaintiff has asserted, and the Commissioner does not dispute, that the Commissioner's position was not substantially justified. (Doc. 26-1, 3:15-4:10.) Finally, Plaintiff's application was filed within 30 days of the expiration of the 60-day appellate period from the March 18, 2011, final judgment and thus it was timely under Section 2412(d)(1)(B) and (d)(2)(G). *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). The Court finds that Plaintiff is entitled to an award of her reasonable attorney's fees and expenses.

**C.     Reasonableness of the Fees**

The Court must determine what amount constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

    **1.     Hourly Rates**

Plaintiff requests $172.24 per hour for work performed by her counsel in 2009 and $175.06 for work performed by her counsel in 2010, which are the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. The Commissioner does not oppose these hourly rates. Further, these rates have been considered reasonable in other social security cases in this district, *see, e.g., Roberts v. Astrue*, No. 1:09-cv-1581-DLB, 2011 WL 2746715, at * 4 (E.D. Cal. July 13, 2001), and the Court does not find any basis to reduce the hourly rates requested here.

**2.      Hours Expended**

As to hours expended, Plaintiff seeks attorney's fees for 15.7 hours of work performed by Ms. Sengthiene Bosavanh, Esq. as well as 31.75 hours expended by Mr. Ralph Wilborn, Esq.

Defendant asserts that 57.45[1] attorney-work hours expended is an unreasonable amount of time because several courts have determined that the average number of hours expended on social security disability appeals before a district court ranges between 20 and 40 hours. (Doc. 28, 2:21-4:11.)  Thus, Defendant contends that the number of hours expended by Plaintiff's counsel here should be reduced to 30 hours to be reasonable. (Doc. 28, 7:4-6.)

The Court agrees generally with the proposition that 20 to 40 hours of attorney time spent on a social security appeal is an appropriate benchmark in average cases. *See, e.g., Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000).  Here, Plaintiff requests an award of EAJA for 47.45 hours of time her attorneys expended litigating her case.  This number does not vary substantially from what other courts have deemed an appropriate and general average in social security cases. *See id.*  As set forth below, while some reduction in the amount of time expended by Plaintiff's counsel is warranted, Defendant's assertion that the Court should reduce wholesale the number of compensable attorney hours to 30 to comport with a perceived "average," is too simplistic an approach. *Hensley*, 461 U.S. at 429 ("The amount of the fee [awarded], of course, must be determined on the facts of each case.").  The administrative record in this case was 813 pages, which is more voluminous than many other social security appeals.  Although the issues raised by Plaintiff for the Court's review were routine, there were four issues that required briefing.  These factors generally indicate that, in terms of hours expended by Plaintiff's counsel, slightly more attorney time was necessary.  Rather than performing a wholesale reduction in the number of hours requested, the Court has reviewed the billing statements/time entries that Plaintiff's counsel submitted in support of the EAJA application and, for the reasons set forth below, finds that an eight-hour reduction in time expended by Plaintiff's counsel is warranted.

---

[1] Defendant asserts, in several places in his brief (Doc. 28, 2:21, 4:14) that Plaintiff is requesting 57.45 hours. This, however, is either a typographical error or a miscalculation.  Plaintiff is requesting fees for 47.45 hours expended by her counsel.

        **a.**       **Time Expended by Ms. Bosavanh, Esq.**

            **i.**       **Time Expended on "Clerical Tasks"**

Defendant objects to time spent by Ms. Bosavanh on what he deems to be "clerical tasks." (Doc. 28, 5:13-26.) Specifically, Defendant objects to the following time entries:

| Date | Activity Description | Time spent |
|---|---|---|
| November 20, 2009 | "Review court docket" | 0.1 |
| December 2, 2009 | "Review return receipt from [Commissioner] and [AUSA]" | 0.1 |
| December 15, 2009 | "Review return receipt from Attorney General" | 0.1 |
| April 5, 2010 | "Contact OCG attorney re: extension request" | 0.1 |
| April 5, 2010 | "Follow-up phone call to OGC attorney re: extension request" | 0.1 |
| April 8, 2010 | "Prepare extension documents and proposed order for confidential brief." | 0.1 |
| July 1, 2010 | "Contact OGC attorney re: extension of time to submit opening brief" | 0.1 |
| July 1, 2010 | "Prepare extension documents for submission" | 0.1 |

(Doc.26-2, p. 2-3.)

Clerical tasks, even when performed by an attorney or paralegal, may not be billed to an adversary. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Therefore, clerical tasks, such as mailing and calendaring, are not typically compensable under the EAJA. *See Logan-Laracuete v. Astrue*, No. 1:07-cv-00983-SMS, 2009 WL 506546, at *2 (E.D. Cal. Feb. 27, 2009) (faxing, mailing, calendaring, and filing are not compensable under EAJA). Reviewing court documents and return receipts from the Commissioner, however, have been deemed to be tasks typically performed by an attorney. *See Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 n.7 (E.D. Cal. Sept. 20, 2011) ("the undersigned declines to deem an attorney's review of an important court document as 'calendaring' or as merely 'clerical'"); *Gooch v. Astrue*, No. 1:07-cv-01674 LJO GSA,

5

2009 WL 347084, at *2 (E.D. Cal. Feb. 9, 2009) ("[R]eviewing court documents and service documents, while mundane, are tasks that are routinely performed by an attorney" (citing *Williams v. Apfel*, No. IP 98-1396-C H/G, 2000 WL 6845259, at * 2 (S.D. Ind. Apr. 20, 2000))). Thus, the Court finds a reduction of time for these tasks is not warranted on the basis that they are merely clerical tasks.

While the Court takes a somewhat dim view of awarding EAJA fees for time spent requesting extensions of time solely for the benefit of counsel's schedule and workload,[2] the time expended filing requests for deadline extensions here is minimal (0.3), and the Commissioner has provided no documentation indicating that the stipulated extensions were due to Plaintiff's counsel's workload, as opposed to a need for additional time to further analyze the issues. Therefore, the Court does not find that time spent on these requests was per se unreasonable.

When viewing the time entries in total, however, the amount of time spent reviewing documents is unreasonable. Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately. Six minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total. Thus, for example, eight separate tasks that require one minute each (for a total of eight minutes of billable time) that are billed as eight discrete six-minute tasks amount to 42 minutes of time. Thus, eight minutes of actual time spent generates billing entries of 42 minutes. Repeated 0.1 entries (six minutes) for tasks that require less than six minutes each will ultimately reflect more time than that actually expended. Ms. Bosavanh provides the following time entries:

| | | |
|---|---|---|
| 11/18/09 | "Review court docket filing" | 0.1 |
| 11/19/09 | "Review court order granting motion to proceed IFP and related documents | 0.2 |
| 11/20/09 | "Prepare documents to proceed before magistrate judge | 0.2 |

---

[2] *See, e.g., Hensley v. Principi*, 16 Vet. App. 491, 498 (2002) ("Although the [United States Court of Appeals for Veterans Claims' Rules of Practice and Procedure] permit [motions for extensions of time], permitting an appellant to ask for an extension of a deadline and finding that the public fisc should subsidize such efforts are two entirely different matters.").

| | | | |
|---|---|---|---|
| 1 | 11/20/09 | "Review court docket" | 0.1 |
| 2 | 12/02/09 | "Review return receipt from [Commissioner] and [AUSA] | 0.1 |
| 3 | 12/15/09 | "Review return receipt from Attorney General | 0.1 |
| 4 | 01/15/10 | "Review consent to jurisdiction by magistrate judge | 0.1 |
| 5 | 03/12/10 | "Review notice of lodging of transcript" | 0.1 |
| 6 | 03/12/10 | "Review acknowledgment of receipt of transcript" | 0.1 |
| 7 | 03/20/10 | "Review court notice re: designation of counsel for service" | 0.1 |
| 8 | 04/03/10 | "Review docket for new opposing attorney's contact information" | 0.1 |
| 9 | 04/07/10 | "Review court order of judge reassignment" | 0.1 |
| 10 | 04/08/10 | "Review court docket notice" | 0.1 |
| 11 | 07/01/10 | "Review court docket" | 0.1 |
| 12 | 07/02/10 | "Review minute order" | 0.1 |
| 13 | | **Total** | **1.7 hours** |

While the Court appreciates the need for counsel to review court orders and the docket, the total billing for reviewing documents above is unreasonable when each event is recorded as a discrete six-minute event. Here, multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time. This is particularly evident when the entry for time spent reviewing the Court's 15-page order was a total of 0.3[3] – but reviewing multiple one-page procedural orders required nearly two hours to complete.

Moreover, social security appeals proceed along a very routinized schedule in this district that is the same in every case. Thus, the scheduling orders issued in all social security cases in this district are virtually identical, even among different judges. Given the routine nature of these orders, counsel familiar with this district's scheduling orders would not require more than five minutes to review such an order. Further, the court's order granting IFP status here was a one-page order with

---

[3] (*See* Doc. 26-2, Affidavit of Sengthiene Bosavanh in support of Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("Bosavanh Affidavit"), p. 3 (billing entry for 0.1 hour on "03/18/10" for work described as "[r]eview court order reversing and remanding case" and separate billing entry for 0.2 hour on "03/18/10" for work described as "Receive and review judgment in favor of Plaintiff; contact Attorney Wilborn").)

the Magistrate Judge's signature affixed to Plaintiff's check-box application. (Doc. 5.) Review of this order would have taken a very minimal amount of time. Additionally, "preparing documents to proceed before magistrate judge" involved checking one box and signing a single form. (*See* Doc. 11.) Given counsel's familiarity with these documents, it is unreasonable to bill 12 minutes of attorney time for such an activity. Review or completion of these documents by a practitioner thoroughly familiar with social security appeals in this district, as counsel of record is here, should require no more than two to three minutes per task. While these activities do take time, billing judgment must be exercised in reviewing the accumulation of 0.1 billing entries and comparing such entries to the time actually expended performing these tasks.

Finally, the task description "[r]eview court docket filing" on November 18, 2009, is extremely vague in nature and appears duplicative of another time entry on November 18, 2009, for 1.4 hours spent preparing the complaint, the civil cover sheet, and the application to proceed in forma pauperis ("IFP").[4] The Court finds that a 1 hour reduction in time is warranted for the 1.7 hours recorded above. As most of these "review" entries were completed in 2010, the Court will reduce the hours that were billed at the 2010 billing rate.

### ii.  Time Spent Preparing EAJA Application Documents

Defendant objects to the time Ms. Bosavanh spent preparing documentation in support of Plaintiff's EAJA application. (Doc. 28, 5:27-6:6.) Defendant asserts that none of Ms. Bosavanh's time was spent preparing the EAJA application or the memorandum; instead, her time was spent "preparing her own billing record." (Doc. 28, 6:1.) Defendant contends that had Ms. Bosavanh documented the time she worked on the case as she went along, the only work necessary to support the EAJA application would be to print out the billing sheet.

For purposes of preparing a declaration to support an EAJA application, an attorney is generally required to calculate her time spent on the subject litigation (as opposed to time related to administrative proceedings prior to the civil action) and review the descriptions of time to be certain they did not contain privileged or confidential information. As Ms. Bosavanh's time entry related

---

[4] (*See* Doc. 26-2, Bosavanh Affidavit, p. 2 (billing entry for 1.4 hours on "11/18/09" for work described as "Prepare complaint, civil cover sheet, proposed orders, IFP applications, and related documents for appeal to court").)

8

to reviewing her billing records is contained in a block of 1.5 hours on June 14, 2011, for two different tasks (*see* Doc. 26-2, Bosavanh Affidavit, p.4, billing entry on "06/14/11" for work described as "[r]eview docket and case notes; prepare time documents"), it is unclear how much time was spent reviewing time entries as compared to the time spent drafting her declaration supporting the EAJA application; thus, a reduction of this time is warranted. *See Hensley*, 416 U.S. at 433 (it is the fee-applicant's burden to submit "evidence supporting the hours worked and rates claimed"). Moreover, because clients are not properly charged for their attorney's time spent creating a billing statement, time spent creating time entries or reviewing them for accuracy is not compensable. *See Hensley* 461 U.S. at 43 ("'In the private sector, "billing judgment" is an important component in fee setting. It is not less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority.'" (quoting *Copeland*, 641 F.2d at 891)). However, the time spent preparing a declaration in support of an EAJA application and reviewing time entries to ensure they do not contain confidential information is appropriate and compensable. The Court finds that 0.5 hour is a reasonable amount of time to review descriptions in billing entries, select relevant entries for inclusion in the EAJA application, and complete a declaration. Thus, Ms. Bosavanh's time expended in reviewing her time-entry descriptions and drafting her declaration warrants a reduction of 1.0 hour.

### iii. Time Spent Reviewing Mr. Wilborn's Work

While the Court appreciates that Ms. Bosavanh must review Mr. Wilborn's work before it is filed with the Court because she, and not Mr. Wilborn, is the attorney of record, the description of her work in reviewing Mr. Wilborn's briefs does not indicate that any editing was performed or that anything was done beyond reading the brief. Without a description indicating what the review of the brief entailed, the Court finds that 1.0 hour to read Mr. Wilborn's confidential letter brief on May 11, 2010, another 1.2 hours to review the opening brief on August 31, 2010, and 0.8 hour to review the reply brief on October 15, 2010, was unreasonable; rather the Court finds that critically reading the briefs, without performing any research or editing, reasonably required a total of only 1.0 hour. Thus, two hours of Ms. Bosavanh's time reviewing Mr. Wilborn's briefs will be reduced as duplicative and unnecessary.

### iv. Conclusion

As the Court finds that Ms. Bosavanh's time spent in 2010 should be reduced by 4.0 hours, the following fee is awarded for Ms. Bosavanh's time: ($175.06 x 6 hours (2010) = $1,050.36) and ($172.24 x 5.7 hours (2009) = $981.76) for a total of $2,032.12.

### b. Time Spent by Mr. Wilborn, Esq.

Defendant asserts that Mr. Wilborn spent 6.25 hours on May 10, 2010, researching and drafting Plaintiff's confidential letter brief and expended another 8.75 hours on August 31, 2010, "converting the confidential letter brief to the opening brief." (Doc. 28, 4:29-5:1.) Defendant contends that much of the 8.75 hours spent drafting the opening brief was redundant of the confidential letter brief, unnecessary, and not compensable. (Doc. 28, 5:2-3.)

The opening brief was 18 pages in length, exclusive of the table of contents and table of authorities. (Doc. 20.) Plaintiff presented four appellate issues: the ALJ failed to provide sufficient reasons for rejecting her treating physician; the ALJ failed to provide sufficient reasons for rejecting the opinion of an examining physician; the ALJ failed to address lay witness testimony; and the ALJ improperly rejected Plaintiff's credibility prior to April 1, 2006.

While the confidential letter brief is not filed as part of the record, the Court concludes from the billing records that there was some overlap in preparation of the confidential letter brief and the opening brief. Mr. Wilborn spent 7.5 hours on May 10, 2010, reviewing and analyzing the ALJ's decision, reviewing and analyzing the 813-page administrative record, and researching and drafting Plaintiff's confidential letter brief. On August 30, 2010, Mr. Wilborn spent 3 hours re-reading the ALJ's decision, re-reading Plaintiff's confidential brief, and reviewing the record. On August 31, 2010, Mr. Wilborn spent 8.75 hours completing review of the record and researching and drafting Plaintiff's opening brief. While the Court appreciates the need for Mr. Wilborn to reacquaint himself with the materials prior to preparing the opening brief to improve and refine prior arguments, 3 hours spent in review on August 30, 2010, is excessive and warrants a reduction of 1.0 hour. Further, the prior time spent preparing the confidential letter brief combined with the relatively routine nature of the issues presented, i.e., credibility and weight of the medical evidence, merit a reduction of 1.0 hour for the time spent drafting the opening brief on August 31, 2010.

1     Defendant asserts that the 1.5 hours Mr. Wilborn expended in preparing the EAJA application, including his declaration, was excessive because of the amount of boilerplate contained in Mr. Wilborn's declaration and the EAJA application itself. While Defendant is correct that much of the EAJA application and declaration contain "boilerplate" language that has been used in other EAJA applications prepared by Mr. Wilborn, the Court does not find 1.5 hours to be unreasonable for Mr. Wilborn to review the file, review his time expended, and prepare the EAJA application, even in light of the fact that portions of the documents contain boilerplate language. Even documents that contain "boilerplate" language require review. *Cf. Daye v. Nicholson*, 20 Vet. App. 512, 517 ("'[B]oilerplate' language . . . can be an efficient and effective way of conveying information and conserving time, but only when it is used with precision. Just like a flower garden, 'boilerplate' must constantly be cultivated, weeded, and pruned.").

    **c.**   **Conclusion**

    The Court finds that a 2.0 hour time reduction is warranted for time expended by Mr. Wilborn. Thus, the total award for Mr. Wilborn's time is $175.06 x 29.75 (2010) = $5,208.03.

### III.   CONCLUSION

    Pursuant to the declarations and time entries submitted, 41.45 hours (11.7 hours for Ms. Boasavanh + 29.75 hours for Mr. Wilborn) expended by Plaintiff's counsel on the litigation is reasonable. For the reasons set forth above, a reduction of eight hours is warranted for duplicative or otherwise unnecessary time spent.

    Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff is awarded $2,032.12 for time expended by Ms. Bosavanh, Esq.;
2.     Plaintiff is awarded $5,208.03 for time expended by Mr. Wilborn, Esq.; and
3.     Plaintiff shall be paid in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

IT IS SO ORDERED.

**Dated:**   **November 2, 2011**             **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE