# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINETTE ADKINS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | 1:09-cv-02031-SKO<br><br>**ORDER REGARDING PLAINTIFF'S SUPPLEMENTAL APPLICATION FOR AN AWARD OF EQUAL ACCESS TO JUSTICE FEES**<br><br>(Doc. 32) |

## I.  INTRODUCTION

On November 2, 2011, the Court issued an order awarding Plaintiff attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") for 41.45 hours of attorney work expended on this administrative appeal. (Doc. 31.) On November 16, 2011, Plaintiff filed a supplemental application for an award of attorneys' fees pursuant to EAJA, seeking an additional $987.30 for work performed defending the initial EAJA application. (Doc. 32.) The Commissioner opposed the supplemental application (Doc. 34), and Plaintiff filed a reply in response to the Commissioner's opposition brief,

1  which included another EAJA attorneys' fee request in the amount of $269.26 for the 1.5 hours spent
2  by Mr. Wilborn, Plaintiff's counsel, in drafting the reply brief.
3       For the reasons set forth below, the Court GRANTS Plaintiff's supplemental motion in the
4  amount of $1,077.06.

## II.   DISCUSSION

**A.   Legal Standard**

When calculating an appropriate supplemental fee award, courts are to be guided by the framework adopted by *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-63 (1990). In setting the fee, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. As *Hensley* requires a court to calibrate the amount of attorneys' fees to the degree of success a claimant has achieved, it is generally appropriate to approve an award of supplemental fees that is commensurate with the degree of success obtained on the original application. *See Wagner v. Shinseki*, 640 F.3d 1255, 1260 (Fed. Cir. 2011); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) (affirming award of 50 percent of the supplemental fees sought by a claimant where she obtained approximately 50 percent of the fees claimed in her initial application); *Thompson v. Gomez*, 45 F.3d 1365, 1367-69 (9th Cir. 1995) (concluding that a district court properly awarded 87 percent of the supplemental fees requested where claimants received 87 percent of the fees sought in their original fee application); *Harris v. McCarthy*, 790 F.2d 753, 758-59 (9th Cir. 1986) (affirming district court's decision to award claimants 11.5 percent of their supplemental fee request since they had obtained only 11.5 percent of the fees requested in their original fee application).

District courts, however, have broad discretion in awarding attorney fees, *see Hensley*, 461 U.S. at 437, and are not bound, in every case, to make an award of supplemental fees that is proportionate to the degree of success obtained in the original application. Pursuant to 28 U.S.C. § 2412(d)(2)(A), a litigant is only entitled to "reasonable" attorney fees, and in determining the appropriate amount of supplemental fee award, a court may properly discount "[e]xorbitant, unfounded, or procedurally defective fee applications – like any other improper position that may unreasonably protract proceedings . . . ." *Jean*, 496 U.S. at 163.

**B.      Proportionate Share of Merits Litigation Fee Award is Appropriate**

In the supplemental application, Plaintiff seeks 5.50 hours for time spent by Mr. Wilborn drafting a reply brief in response to the Commissioner's opposition to Plaintiff's EAJA application.[1] The Commissioner opposed the supplemental application, Plaintiff filed another brief in reply, and requested an *additional* 1.5 hours for Mr. Wilborn's time spent on that reply brief. Thus, Plaintiff seeks a total of 7.0 hours for the time spent by Mr. Wilborn defending Plaintiff's original EAJA application.

As previously noted, on November 2, 2011, the Court issued an order on Plaintiff's original EAJA fee application, awarding fees for 41.45 hours of work performed by Plaintiff's counsel out of the 47.45 hours requested. Therefore, counsel was awarded approximately 87 percent of the fees (41.45/47.45) requested in the initial application for attorney time expended litigating the case. A proportionate share of the fees-for-fees litigation, which is at issue in the supplemental EAJA application, amounts to approximately 6 hours of time (.87 x 7.0). The proportional amount of 6.0 hours is reasonable, particularly as it relates to the number of hours expended on the merits. *See Schwarz*, 73 F.3d at 909. The total supplemental award therefore amounts to $1077.06 ($179.51 x 6).

On a final note, the Court has indicated in the past that requesting "fees-for-fees" in a separately-filed supplemental application protracts the expense and resolution of the fee dispute. Any supplemental fees sought for drafting a reply brief in response to the Commissioner's opposition to the original EAJA application should be included in the reply brief itself, unless there is some reason that a calculation of the time spent defending the EAJA application would be unknown to counsel at the time any reply brief is filed.

///
///
///
///

---

[1] The rate requested for work performed by Mr. Wilborn is $179.51, which is not disputed by the Commissioner. (*See* Doc. 34.)

3

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's supplemental EAJA application is GRANTED in the amount of $1,077.06; and

2. Plaintiff shall be paid in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

IT IS SO ORDERED.

**Dated:   March 20, 2012**               /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE